IN THE CIRCUIT COURT OF THE<br>
11TH JUDICIAL CIRCUIT IN AND FOR<br>
MIAMI-DADE COUNTY, FLORIDA

ASHTON LAKE,

    Plaintiff,

vs.                                                                          Case No.

FEDEX CORPORATION,

    Defendant.

_____/

# COMPLAINT

**COMES NOW** Plaintiff, ASHTON LAKE ("Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, FEDEX CORPORATION ("Defendant"), and alleges as follows:

1. This is an action for declaratory and injunctive relief and damages pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA"), to redress injuries resulting from Defendant's unlawful, race- and national-origin based discriminatory treatment.

2. At all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida.

3. Defendant was a "person" and/or an "employer" pursuant to the Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01, et seq.,* since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

4. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01, et seq.*

5. At all times material hereto Defendant was an "employer" within the meaning of Florida Civil Rights Act of 1992, Fla *Stat. Section 760.01, et seq..* to conduct business in the State of Florida and having a place of business in Miami-Dade County, Florida.

6. At all times material hereto, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla *Stat. Section 760 , et seq..*

7. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County.

8. Plaintiff previously filed a charge of discrimination (Charge No. 510-2019-05661) with the Florida Commission on Human Relations and the Equal Employment Opportunity Commission (EEOC), the agency which is responsible for investigating claims of employment discrimination. On or about August 13, 2019, the EEOC issued to Plaintiff a "Right to Sue."

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff is a Black male of Trinidadian national origin, and within a class of individuals protected by the FCRA.

10. On or about January 30, 2002, Defendant hired Plaintiff as a Ramp Transport Driver.

11. Throughout Plaintiff's employment, he was regularly and repeated harassed by the staff, which was comprised of mostly Caucasian and Hispanic individuals.

12. On or about January 2017, White American manager John Bracco, gave Plaintiff a drinking glass as his award for having worked 15 years with Defendant. This award negatively contrasts with the 5-year award given to Shawn Jenkins—a large box of silverware. Plaintiff informed Bracco of this discrepancy and Bracco threw the cup back at the Plaintiff.

13. On or about July 24, 2017, Plaintiff's trailer hit the fender on an old tractor and Defendant classed the incident as a preventable safety violation. In reality it should have been classed as non-

preventable because it was not the Plaintiff's fault that all the lights were off and were never replaced after the hurricane. The problem with the light was brought to the attention of the Defendant several times before the incident.

14. On or about August 24, 2017, Plaintiff was involved in vehicle accident with Rachel Diaz Madrazo. This type of accident is known as a jackknife and it occurred on Florida Turnpike South bound. According to the state trooper, Plaintiff did very well in reducing his speed otherwise he would have gone straight through the guardrail. The circumstances also included unusual weather as there was heavy rainfall and a tornado watch in the area. Witnesses also saw the trailer lift off of the ground.

15. Subsequently, Jose, the Defendant's shop mechanic, told Plaintiff, in confidence, that the anti-lock for the tractor never came on; therefore, the Plaintiff was not at fault. Thus, Plaintiff timely submitted a "request for redemption of patentability" form to manager John Bracco who failed to act on this request.

16. Of the four drivers who jackknifed in 2017, Plaintiff was the only one suspended without pay, which is clear indication of racism and discrimination.

17. Plaintiff endured other instances of discriminatory treatment such as waiting over seven months to receive a weather jacket when other employees received their jacket after three weeks

18. Plaintiff was also harassed by Defendant's employees. In one instance manager John Bracco pressured him to do overtime in spite of the fact the Plaintiff could not do overtime because Plaintiff's wife was ill due to an accident. Bracco also urged Plaintiff three times not to go to jury duty while Timothy, another employee, was not given any problems when he had to attend jury duty. Plaintiff was also singled out by Nick Robinson who told him what truck he should drive,

which is a decision other workers make for themselves. Additionally, Patty Flowers assigned Plaintiff extra work not given to other employees.

19. On or about July 27, 2018, the vehicle Plaintiff was driving for Defendant was struck by Carmen Estrella when her corner taillight hit the right corner of Plaintiff's vehicle. Plaintiff contends Estrella is at fault for switching lanes too quickly. As a result of this incident, Plaintiff was suspended with pay.

20. On or about June 13, 2019 Plaintiff was suspended with pay pending investigation of potential violation of the Defendant's safety policy. This suspension was issued merely because the Plaintiff moved a vehicle while individuals were remained inside.

21. On or about June 28, 2019 the Defendant terminated Plaintiff for allegedly violating company policy, specifically for a recurrent pattern of gross safety and unsafe act violations. These allegations are untrue as the Defendant had police reports, witness testimony, and documentation to show that some of the accidents should have been categorized as "non-preventable" by the Defendant.

22. Plaintiff wanted to appeal Defendant's negative determination within the company system, but John Bracco, his White American manager, refused to submit Plaintiff's appeal form to Human Resources. During this time period, Plaintiff observed that Kenneth Collins, a White American employee, had similar violations and was not suspended and/or terminated.

23. The Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has thus become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
### *Race Discrimination in Violation of the FCRA*

24. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

25. Plaintiff is a member of a protected class under the FCRA.

26. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

27. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

28. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

29. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

30. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

31. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

32. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

33. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling

Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

34. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
*Discrimination based on National Origin in Violation of the FCRA*

35. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

36. At all-time material hereto, Defendant failed to comply with the Florida Civil Rights Act

(FCRA) of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals race, color, or national origin.

37. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon race considerations or reasons.

38. The Plaintiff is a Black male of Trinidadian national origin and he possessed the requisite qualifications and skills to perform his position with Defendant.

39. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated, non-Trinidadian employees were allowed better work opportunities by not being subjected to harassment.

40. The Plaintiff was terminated as a result of his national origin and the reasons given by Defendant, if any, for his termination are mere pretext for illegal discrimination.

41. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

42. Moreover, as a further result of the Defendant unlawful national origin based discriminatory conduct, the Plaintiff has been compelled to file this action and he has incurred the costs of litigation.

43. Plaintiff was qualified for his position with Defendant.

44. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of his national origin in the terms, conditions, and privileges of employment.

45. The Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of race and national origin.

46. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

**WHEREFORE**, the Plaintiff prays that this Court will;

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

d. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position;

e. Reinstate full fringe benefits and seniority rights to Plaintiff;

f. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

g. For a money judgment representing prejudgment interest;

h. Award any other compensation allowed by law including punitive damages and

attorney's fees;

i. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

j. Grant Plaintiff a trial by jury;

k. Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: August 6, 2021                    Respectfully submitted,

*/s/:Peter M. Hoogerwoed*
Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
pmh@rgpattorneys.com
Cristobal Bobadilla-Gamboa
Fla. Bar. No. 113656
cbg@rgpattorneys.com
**Remer & Georges-Pierre, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
(305) 416-5000- Telephone
(305) 416-5005- Facsimile